IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MORGAN STREET PARTNERS LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Number 1:20-cv-446 |
| ) | |
| CHICAGO CLIMBING GYM COMPANY LLC, ) | |
| BROOKLYN BOULDERS LLC and ) | |
| JEREMY BALBONI, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Morgan Street Partners LLC (the "Landlord"), by its attorneys, Sanchez Daniels & Hoffman, LLP, for its Amended Complaint against Defendants, Chicago Climbing Gym Company LLC, Brooklyn Boulders LLC and Jeremy Balboni, states as follows:

**Parties, Jurisdiction and Venue**

1. Landlord is the owner of commercial property located at 100 South Morgan Street, Chicago, Cook County, Illinois 60607. (the "premises").

2. Landlord is a successor in interest to 100 S. Morgan, LLC.

3. Defendant, Chicago Climbing Gym Company LLC (the "Tenant"), is a tenant of the premises.

4. Defendant, Brooklyn Boulders LLC (the "Guarantor") is a guarantor of the Lease Agreement between the Landlord and Tenant.

5. Defendant, Jeremy Balboni (the "Oral Guarantor") is a guarantor of the Lease Agreement between the Landlord and Tenant.

**Count I – Breach of Contract Against Chicago Climbing Gym Company LLC**

6. Landlord repeats, re-alleges and incorporates by reference the allegations of paragraphs 1 through 5 as and for paragraph 6 of Count I of this Complaint.

7. On or about January 15, 2013, Landlord and Tenant entered into a Space Lease Agreement (the "Lease Agreement") for rental of the premises. (*See* Exhibit 1).

8. As set forth in the Lease Agreement, Landlord agreed to provide Tenant with an Original Allowance for improvements to be performed on the premises. (*Id.*).

9. As set forth in the Lease Agreement, Tenant agreed to pay Landlord incrementally increased rent, taxes, insurance and common area maintenance. (*Id.*).

10. The rental amounts set forth in the Lease Agreement were reasonable and customary in accordance with the size and location of the premises.

11. Tenant further agreed to pay reasonable attorneys' fees and court costs in the event Landlord was forced to employ an attorney due to its breach of any term of the Lease Agreement. (*Id.*).

12. Tenant also agreed that a failure to pay rent when due, and continuance of such non-payment within 10 days, constituted a default under the Lease Agreement. (*Id.*).

13. Tenant also agreed that a failure to pay rent when due, and continuance of such non-payment, entitled Landlord to recovery of all amounts due and owing under the Lease Agreement. (*Id.*).

14. On or about January 15, 2015, Landlord and Tenant entered into a First Amendment to Space Lease Agreement (the "Lease Amendment") for rental of the premises. (*See* Exhibit 2).

15. As set forth in the Lease Amendment, Landlord agreed to provide Tenant with an Additional Allowance for improvements to the premises. In consideration therefore, Tenant agreed that, in the event of default, the entire amount of the Original Allowance and Additional Allowance with any abated rental amounts would be immediately due and payable to Landlord. (*Id.*).

16. The Lease Amendment did not make any material change to Tenant's agreement to pay Landlord incrementally increased annual rent, taxes, insurance and common area maintenance. (*Id.*).

17. On May 11, 2020, Landlord notified the Tenant that it was in arrearage in paying the agreed upon rental amount and that an eviction action for said arrearage and possession of the premises would be commenced within 10 days (the "Notice"). (*See* Exhibit 3).

18. Landlord also demanded that the Tenant satisfy all arrearages in rent and warned that the full amount must be tendered, in order to satisfy the arrearage and avoid an eviction action for possession and damages. (*Id.*).

19. The Notice sent to the Tenant on May 11, 2020, was delivered to the Tenant by FedEx at the premises and received by the Tenant on May 12, 2020. (*Id.*).

20. Landlord complied with all of its obligations, terms and requirements set forth in the Lease Agreement and Lease Amendment.

21. The Tenant breached the terms of the Lease Agreement and Lease Amendment by failing to pay Landlord $541,574.28 in rent, taxes, insurance and common area maintenance.

22. Landlord has incurred damage and is entitled to recovery due to the Tenant's breach of the terms of the Lease Agreement and Lease Amendment.

23. Moreover, the entire amount of the Original Allowance and Additional Allowance is immediately due and payable to Landlord.

24. Furthermore, the Tenant unlawfully withholds possession of the premises from Landlord.

25. Landlord is entitled to possession of the premises, all amounts currently due and owing, the remaining balance of the Lease Agreement and Lease Amendment, the entire amount of the Original Allowance and Additional Allowance and all costs and reasonable attorneys' fees incurred.

WHEREFORE, Plaintiff, Morgan Street Partners LLC, prays for the entry of judgment in its favor and against Defendant, Chicago Climbing Gym Company LLC, as follows:

A. Awarding $541,574.28 in actual damages for lost rent;

B. Awarding all consequential damages incurred as a result of defendant's failure to comply with the terms of the Lease Agreement and Lease Amendment;

C. Awarding plaintiff's court costs and reasonable attorneys' fees incurred, including those fees to be incurred after the filing of plaintiff's Complaint;

D. Awarding plaintiff possession of the premises; and,

E. For such additional relief as the Honorable Court deems appropriate under the circumstances.

## Count II – Breach of Contract Against Brooklyn Boulders LLC

26. Landlord repeats, re-alleges and incorporates by reference the allegations of paragraphs 1 through 25 as and for paragraph 26 of Count II of this Complaint.

27. On or about January 15, 2013, Guarantor agreed to guaranty the obligations of the Tenant under the Lease Agreement with Landlord. This written agreement was set forth in the Guaranty of Lease incorporated with and made part of the Lease Agreement. (*See* Exhibit 4).

28. Specifically, the Guarantor agreed that, in the event of breach by of the Lease Agreement, it would fulfill any term, condition, covenant or obligation required of the Tenant under the Lease Agreement. (*Id.*).

29. Moreover, Guarantor agreed to pay reasonable attorneys' fees and court costs in the event Landlord was forced to employ an attorney due to the Tenant's breach of any term of the Lease Agreement. (*Id.*).

30. Tenant breached the terms of the Lease Agreement by failing to pay Landlord $541,574.28 in rent.

4

31. Moreover, the Tenant is liable for the entire amount of the Original Allowance and Additional Allowance under the Lease Agreement and Lease Amendment.

32. Landlord complied with all of its terms and requirements set forth in the Lease Agreement and Lease Amendment.

33. The Guarantor breached the terms of the Guaranty of Lease by failing to pay the amounts owed to Landlord by the Tenant.

34. Landlord has incurred damage and is entitled to recovery from the Guarantor due to his breach of the terms of the Guaranty of Lease.

WHEREFORE, Plaintiff, Morgan Street Partners LLC, prays for the entry of judgment in its favor and against Defendant, Brooklyn Boulders LLC, as follows:

A. Awarding plaintiff $50,000.00 in actual damages;

B. Awarding plaintiff's court costs, interest and reasonable attorneys' fees incurred, including those fees to be incurred after the filing of plaintiff's Complaint; and,

C. For such additional relief as the Honorable Court deems appropriate under the circumstances.

## Count III – Breach of Contract Against Jeremy Balboni

35. Landlord repeats, re-alleges and incorporates by reference the allegations of paragraphs 1 through 25 as and for paragraph 35 of Count III of this Complaint.

36. On or about January 15, 2015, Oral Guarantor orally agreed to guaranty the obligations of the Tenant under the Lease Agreement and Amendment with Landlord (the "Oral Guaranty").

37. The Oral Guarantor further agreed that, in the event of Tenant's breach of the Lease Agreement, he would fulfill any term, condition, covenant or obligation required of the Tenant including the payment of reasonable attorneys' fees and court costs.

38. The Tenant breached the terms of the Lease Agreement by failing to pay Landlord $541,574.28 in rent.

39. Moreover, the Tenant is liable for the entire amount of the Original Allowance and Additional Allowance under the Lease Agreement and Lease Amendment.

40. Landlord complied with all of its terms and requirements set forth in the Lease Agreement and Lease Amendment.

41. The Oral Guarantor breached the terms of the Oral Guaranty by failing to pay the amounts owed to Landlord by the Tenant.

42. Landlord has incurred damage and is entitled to recovery from the Oral Guarantor due to his breach of the terms of the Oral Guaranty.

WHEREFORE, Plaintiff, Morgan Street Partners LLC, prays for the entry of judgment in its favor and against Defendant, Jeremy Balboni, as follows:

A. Awarding plaintiff $541,574.28 in actual damages;

B. Awarding plaintiff for consequential damages incurred as a result of defendant's failure to comply with the terms of the Oral Guaranty;

C. Awarding plaintiff's court costs, interest and reasonable attorneys' fees incurred, including those fees to be incurred after the filing of plaintiff's Complaint; and,

D. For such additional relief as the Honorable Court deems appropriate under the circumstances.

Respectfully submitted,

Morgan Street Partners LLC,

By: /s/ *Michael T. Franz*
One of Plaintiff's Attorneys

Michael T. Franz
Sanchez Daniels & Hoffman LLP
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
(312) 214-3043
mtfranz@sanchezdh.com

Date: February 12, 2021

*Attorneys for Plaintiff*

NPL 75235